UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P583-S

JA-RON TEAGUE                                                          PLAINTIFF

v.

COMMONWEALTH OF KENTUCKY *et al.*                       DEFENDANTS

**MEMORANDUM OPINION**

        Plaintiff Ja-Ron Teague commenced this action by filing a complaint on or about October 31, 2008. The complaint was styled "removal from state to federal court expedited petition request/de novo and post pone state criminal proceedings." The "removal," however, did not list a criminal state court action. Instead, in the body of the complaint, Plaintiff explained how he was being "tortured" by state court actions in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff explained that he needed mental health medications and long term substance abuse counseling that state officials were refusing to provide to him. He asked this Court to order state officials to send him to Central State Hospital or another correctional institution where he can receive adequate mental health treatment. He also complained that agents at the Louisville Metro Department of Corrections are hindering his access to the courts by denying him postage, copies, writing paper, ink pens, and envelopes.

        Based on the nature of the Plaintiff's complaints and the remedies requested by him, the Clerk of Court filed the action as one under 42 U.S.C. § 1983 and sent Plaintiff a deficiency notice for failure to pay the $350.00 filing fee or file an application to proceed without prepayment of fees. Plaintiff now insists that the Clerk erred and that this action should have

been filed as a criminal removal pursuant to 28 U.S.C. § 1443. He has also provided the Court with a state criminal court action number.

Section 28 U.S.C. § 1446 provides a procedure for removal of a criminal prosecution. While § 1446 governs the *procedure* for removal, it does not authorize the *substantive* right of removal. Rather, a state defendant may remove his criminal prosecution only as provided in 28 U.S.C. § 1443. This section permits removal of a criminal action by a defendant:

> (1) Against any person who is denied or cannot enforce in the courts of [a State] a right under any law providing for the equal civil rights of citizens of the United States . . .; or
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock,* 384 U.S. 808, 825 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Johnson*, 421 U.S. at 219. "This provision normally requires that the 'denial be manifest in a formal expression of state

law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

While Teague broadly claims that various state actors have violated his constitutional rights and that he is a "black man," "[t]here is not the merest hint from [his] allegations . . . that the violation is based on violation of 'racial equality.'" *State of Iowa v. Johnson*, 976 F. Supp. 812, 817 (N.D. Iowa 1997) (quoting *Rachel*, 384 U.S. at 792). In other words, he makes broad claims of constitutional violations rather than the requisite violation of racial equality. Such is not sufficient to support removal under the section. *See also United States ex rel. Sullivan v. State of Missouri*, 588 F.2d 579, 580 (8th Cir. 1978) ("Section 1443 applies only to denial of specific rights of racial equality and not to the whole gamut of constitutional rights" (citations omitted)). His petition also fails to satisfy the second prong, for he fails to allege a "formal expression of state law," § 1443(1), that prohibits his enforcing his federal rights in state court. For these reasons, removal would not be proper under § 1443(1).

Nor does Teague's criminal action satisfy the alternative bases for removal under § 1443(2). "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights . . .[,]' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Peacock*, 384 U.S. at 815). As to the second clause of § 1443(2) ("for refusing to do any act on the ground that it would be inconsistent with such law"), the Supreme Court has noted that "[i]t is clear that removal under that language is available only

3

to state officers." *Peacock*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). As Teague is not a federal officer or a person assisting a federal officer in the performance of his duties or a state officer, neither clause of § 1443(2) applies.

Because it is clear that removal is not authorized under either § 1441 or § 1443, and likewise clear by Teague's subsequent filings that he does not desire to prosecute this action under 42 U.S.C. § 1983, this action will be dismissed by separate Order.

Date:


cc:     Plaintiff, *pro se*

4411.008